**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JUSTIN ORLANDO, | : | CIVIL CASE NO. |
|    Plaintiff, | : | 3:22-CV-01636 (JCH) |
| | : | |
| v. | : | |
| | : | |
| THE KRAFT HEINZ COMPANY, | : | JULY 2, 2024 |
|    Defendant. | : | |

**RULING ON PLAINTIFF'S OBJECTIONS (DOC. NO. 105) TO MAGISTRATE JUDGE'S RULING (DOC. NO. 104) ON MOTION TO QUASH (DOC. NO. 82)**

**I.   INTRODUCTION**

The plaintiff, Justin Orlando ("Orlando"), filed a Motion to Quash Defendant's Subpoena to his Former Employer (Doc. No. 82). The defendant, The Kraft Heinz Company ("Kraft Heinz") filed its Opposition (Doc. No. 89), and the Magistrate Judge assigned to this case (Farrish, T., U.S.M.J.) permitted a Reply (Doc. No. 90-1) and Sur-Reply (Doc. No. 95-1) to be filed. The subpoena in question sought the production of documents on a non-party, Orlando's former employer. There were five Document Requests. In his Ruling, Magistrate Judge Farrish granted in part and denied in part the Motion to Quash. See Ruling & Order on Motion to Quash ("M.J. Ruling") (Doc. No. 104). Specifically, he granted in part and denied in part the Motion with respect to Document Requests 1 and 2 and granted the Motion as to Document Requests 3, 4, and 5. See id.

Now before the court is Kraft Heinz's objection to the Magistrate Judge's Ruling and Order regarding Document Requests 3, 4, and 5, see Partial Objection to the M.J.

1

Ruling ("Objection") (Doc. No. 105), which Orlando opposes, see Opposition to Partial Objection ("Opp. to Obj.") (Doc. No. 116).

For the reasons set forth below, the court overrules Kraft Heinz's Partial Objection to Magistrate Judge's Ruling and Order on the plaintiff's Motion to Quash.

## II.   LEGAL STANDARD

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and section 636 of Title 28 of the United States Code, the court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court." See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72.  The court may reconsider a magistrate judge's order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").  "That 'clearly erroneous or contrary to law standard' applies when a district court considers an objection to a discovery ruling," such as the Motion to Quash at issue here.  Haddock v. Nationwide Fin. Servs., Inc., No. 3:01-CV-1552 (SRU), 2009 WL 3734059, at *1 (D. Conn. Nov. 6, 2009) (citation omitted); see also Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation.") (citations omitted)).  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Arrowood Surplus Lines Ins. Co. v. Gettysburg Nat. Indem. Co., No. 3:09-CV-972 (JCH), 2010 WL 1882314, at *1 (D. Conn. May 10, 2010) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see also e.g., Johnson v. Hughes, 3:19-CV-

508 (JBA), 2023 WL 2206639, at *2 (D. Conn. Feb. 24, 2023) ("Magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused.").

### III.   DISCUSSION

In its Objection, Kraft Heinz claims that the M.J. Ruling quashing Document Request Nos. 3, 4, and 5, "imposed a higher burden" on it than it should have under Fed. R. Civ. P. 26, and that the findings are "erroneous and contrary to law."  See Obj. at 6-10.  Kraft Heinz also claims that quashing its subpoena will deny its ability to access "after-acquired evidence" necessary for its defense.  See id.

The court disagrees upon fully reviewing the record before Magistrate Judge Farrish and his Ruling.  Magistrate Judge Farrish correctly and thoroughly addressed the standard to move to quash a subpoena served on a non-party under Rule 45 of the Federal Rules of Civil Procedure.  See M.J. Ruling at 3-4.  In addition, his Ruling correctly and thoroughly addresses the relevance of the information sought and its significance to the allegations and claims at issue.  See id. at 7-10, 12-17.  The Ruling does not leave this court with a "definite and firm conviction that a mistake has been committed."  See Arrowood Surplus Lines Ins., 2010 WL 1882314, at *1.  Not only was it neither contrary to law nor clear error for Magistrate Judge Farrish to reach his conclusion, but the undersigned views Magistrate Judge Farrish's Ruling as correct.  In other words, the undersigned would have reached the same conclusion.

### IV.   CONCLUSION

For the foregoing reasons, the court overrules Kraft Heinz's Objection (Doc. No. 105) to the Magistrate Judge's Ruling (Doc. No. 104) issued on February 9, 2024.

**SO ORDERED.**

Dated this 2nd day of July, 2024, at New Haven Connecticut.

                                              /s/ Janet C. Hall
                                             Janet C. Hall
                                             United States District Judge